# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re: | ) | Case No. 14-29136-PP |
|     DAVID A. NOVOSELSKY, | ) | Chapter 11 |
|         Debtor. | ) | Hon. G. Michael Halfenger |
| | ) | |
| MILIJANA VLASTELICA | ) | Adversary Proceeding |
|         Plaintiff, | ) | (Complaint to Determine |
| v. | ) | Dischargeability of Debts) |
| | ) | |
| DAVID A. NOVOSELSKY, | ) | No. 14-2579 |
|         Defendant. | ) | |

### NOTICE OF FILING PLAINTIFF MILIJANA VLASTELICA'S
### MOTION TO WITHDRAW THE REFERENCE OF A CASE OR PROCEEDING
### PURSUANT TO 28 U.S.C. § 157(d) AND (e),
### AND FOR ABSTENTION PURSUANT TO 28 U.S.C §1334 (c)

To: Claire Ann Resop
    Steinhilber, Swanson & Resop
    122 W. Washington Ave., Suite 850
    Madison, WI 53703-2718

    Please take notice that Milijana Vlastelica, a creditor of David Novoselsky and a party in interest herein, has mailed papers to be filed with the court (U.S. Bankruptcy Court for the Eastern District of Wisconsin, 517 Wisconsin Ave, Room 126, Milwaukee WI 53202) entitled, **MOTION TO WITHDRAW THE REFERENCE OF A CASE OR PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND (e),AND FOR ABSTENTION PURSUANT TO 28 U.S.C §1334 (c),** a copy of which is hereby served upon you.

                        Respectfully submitted,
                        Milijana Vlastelica, Pro-se

                        By: *Milijana Vlastelica*

### CERTIFICATE OF SERVICE

    I, Milijana Vlastelica, hereby certify that a true and correct copy of the above was served upon the persons listed above by depositing the same in the United States Mail at 3075 Book Rd #103, Naperville, IL, on _July 9, 2015_ . I was previously advised that all other interested parties would get a copy via electronic service.

I declare under penalty of perjury that the foregoing is true and correct.

                    By: *Milijana Vlastelica*

FILED

2015 JUL 13 PM 12:36

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI.

| | | |
|---|---|---|
| In re: | ) | Case No. 14-29136-PP |
| DAVID A. NOVOSELSKY, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

Milijana Vlastelica,

       Plaintiff,                       Adv. No. 14-02579

v.

David A. Novoselsky,

       Defendant,

## MOTION TO WITHDRAW THE REFERENCE OF A CASE OR PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND (e), AND FOR ABSTENTION PURSUANT TO 28 U.S.C §1334 (c)

    NOW COMES Creditor, Milijana Vlastelica, Pro-se, and in support of her Motion to Withdraw the Reference of a case or proceeding under 28 U.S.C. § 157(d) and (e), and for Abstention pursuant to 28 U.S.C. §1334 (c) states as follows:

### Vlastelica spent four years prosecuting her action against the Debtor in the state court of Illinois and demanded a jury trial

1. On July 18, 2014, David A. Novoselsky ("Debtor") filed his petition for relief under Chapter 11 in the Bankruptcy Court located in the Eastern District of Wisconsin.

2. On 09/10/10, about four years prior to the Debtor's bankruptcy petition, Milijana Vlastelica ("Vlastelica") filed her Complaint at Law against David Alan Novoselsky and Novoselsky Law Offices in the Law Division, Richard Daley Center, Chicago, Illinois which was subsequently transferred to Municipal Division. The case# 10 L 10423. **Vlastelica demanded Jury trial by twelve.**

1

3. For the entire copy of the Vlastelica's state-court complaint see Adversary Proceeding No. 14-2579 and its Exhibit "9" (Complaint of Milijana Vlastelica to Determine Dischargeability of Debt).

4. On 10/25/12, David A. Novoselsky and Novoselsky Law Offices, Defendants, filed third-party complaint against Vlastelica's former trial attorneys, Andjelko Galic and Richard Goldner, Third-Party Defendants. A copy of this third-party complaint is attached to Vlastelica's Motion for Reconsideration, as Exhibit "7", [Doc 306].

5. Creditor Vlastelica had already survived all of the Debtor's/Defendants' motions at the state court level including the dispositive motions to dismiss the complaint and motion for summary judgment.

6. Debtor Novoselsky argued at the state court on numerous occasions that an attorney could not be charged with fraud because an attorney is a fiduciary; that punitive damages were not available against an attorney; and, that an attorney's misconduct is *only* actionable as legal malpractice.

7. At the very beginning, Debtor managed to mislead Judge Snyder that an attorney could not be charged with fraud. On 07/26/12, Judge Snyder allowed Vlastelica's legal malpractice count to stand but granted Debtor's (Defendants') motion to dismiss the fraud counts. See Doc 306, Exhibit "1".

8. On 08/23/12, Vlastelica filed her motion to reconsider providing to Judge Snyder legal authority that the attorneys could be charged with fraud and that the punitive damages were available against the attorneys. Judge Snyder granted Vlastelica's motion to reconsider in part on 11/15/12. **The Judge allowed Vlastelica to re-plead**

2

**the Count II as Fraud, and allowed Vlastelica to seek punitive damages**. See Doc 306**,** Exhibit "2", par 1.

9.  On 12/5/12, Vlastelica filed her Fourth Amended Complaint at Law, sounding in legal malpractice, fraud, conversion and breach of contract (fraudulent billing was preserved for the purposes of an appeal). Vlastelica sought punitive damages under two counts, Count II, Fraud and Count III, Conversion. [See Adversary Proceeding No. 14-2579, Exhibit "9"].

10. Debtor then filed several baseless motions trying to dismiss the Vlastelica's complaint.

11. On 2/25/13, Judge Snyder denied Novoselsky and Novoselsky Law Offices' Motion for Dismissal Sanction Pursuant to Rule 219 (c). See Doc. 306, Exhibit "3", par. 2. The bases of that motion were simply unbelievable. Defendant Novoselsky sought that Vlastelica's complaint be dismissed because she re-pled previously pled Count III, as Count V for purposes of appeal. The Illinois law requires that the previously dismissed counts must be re-pled in order to preserve the issue for an appeal, *In Bonhomme v. St. James*, 2012, IL 112393 (2012). A lot of attorneys could be mistaken on the point of law. But, this was no mistake. Novoselsky and Novoselsky Law Offices knew they were making a mockery of the court's proceedings, because Vlastelica provided evidence that Novoselsky followed and applied this same law in his own lawsuits, the case entitled *Novoselsky v. MB Financial Bank*, No. 2012 L 00502. Yet, he had a nerve to file this baseless motion.

12. On 03/25/13, Judge Snyder denied Novoselsky and Novoselsky Law Offices' Motion to Strike Pleadings and for Other Relief. See the court order, Doc. 306, Exhibit "4",

3

par. 1. Novoselsky sought that Vlastelica's complaint against him be dismissed not because it had no merit, but, because he believed that someone was ghost writing Vlastelica's pleadings. Novoselsky did not and could not provide any evidence of anyone ghost-writing Vlastelica's pleading because it was not happening.

13. Despite the fact that Judge Snyder made a finding that no one was ghost writing Vlastelica's pleadings, Novoselsky and Novoselsky Law Offices filed on 04/18/13, yet another baseless motion entitled Motion to Compel Disclosure of Attorneys. The Judge at that time did not enter any court orders, but kept rolling his eyes in disbelief, told Vlastelica that she did not have to respond to that motion, and reminded the Novoselsky's attorney that he had already ruled in Vlastelica's favor with respect to that issue.

14. On 06/17/13, Judge Snyder denied Novoselsky and Novoselsky's Law Offices' **Defendants' Motion to Dismiss Fourth Amended Complaint with Prejudice pursuant to Section 735 ILCS 5/2-619.1** wherein Novoselsky argued again that any misconduct committed by an attorney is *only* actionable as legal malpractice. See court order, Doc. 306, Exhibit "5", par 2.

15. Therefore, as of 06/17/13, Vlastelica's state court complaint contains four viable counts: (1) Legal Malpractice (allowed to stand on 07/26/12); (II) Fraud, (III) Conversion, (IV) Breach of Contract (allowed to stand on 06/17/13). Count V, Fraudulent Billing is preserved for the purposes of an appeal.

16. On 01/16/14, Novoselsky and Novoselsky Law Offices filed Novoselsky's Motion for Summary Judgment wherein Novoselsky argued again than any misconduct committed by an attorney is *only* actionable as legal malpractice.

4

17. On 03/26/14, a different state court Judge, Hon. Cassandra Lewis **denied Novoselsky's Motion for Summary Judgment**. See the court order, Doc. 306, Exhibit "6", par. 1.

18. Novoselsky and Novoselsky Law Offices ran out of filing the baseless dispositive motions at the state trial court level.

19. Vlastelica complied with all of the Novoselsky and Novoselsky Law Offices' discovery requests in the state action.

20. However, Novoselsky and Novoselsky Law Offices refused to comply with the Vlastelica's discovery requests. For example, Vlastelica submitted 17 requests for production. Novoselsky and Novoselsky Law Offices did not produce one single document. In Novoselsky's Answer to Plaintiff's Requests to Produce, the Defendants objected to 16 out of 17 Requests for Production of Documents using the catch-all phrase, *"Novoselsky objects to this request as it seeks irrelevant information and **is sought only to prejudice and harass Novoselsky in pending ARDC Proceedings"**.* Emphasis added. Yet, In Novoselsky's Response to Vlastelica's Motion to Compel and for Discovery Sanctions, the Defendants provided an entirely contradictory explanation as to why they were not complying with the Vlastelica's request for productions, *"Finally, all remaining requested documents **have already been produced to Plaintiff in the ARDC proceeding. The ARDC has reviewed them and gave them to Plaintiff"**.* Emphasis added.

21. On 06/06/14, the Court set the Vlastelica's Motion to Compel and for Discovery Sanctions for hearing on August 8, 2014 at 9:30am.

22. If Novoselsky and Novoselsky Law Offices complied with the discovery requests, the parties would have been ready to set the trial dates.

23. On 08/05/14, David Alan Novoselsky alone (the "Debtor" herein) filed SUGGESTION OF BANKRUPTCY.

### Background in the Bankruptcy Court

24. Debtor Novoselsky listed Creditor Vlastelica's claim with a value of $0.00 in his Schedules filed with the Bankruptcy Court and identified the claim as Disputed, Contingent and Unliquidated [doc no. 31].

25. Pursuant to the Debtor's Amended Summary of Schedules (see Doc. 31, SCHEDULE H – CODEBTORS – AMENDED, page 27 of 56), Debtor has listed Novoselsky Law Offices as Codebtors in relation to Milijana Vlastelica.

26. According to Debtor's Schedules, [Doc. 31, page 7 of 56], Novoselsky Law Offices is a corporation, a separate business entity.

27. On October 16, 2014, Vlastelica filed Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362 (d) (1) [Doc. 66].

28. On October 21, 2014, the Debtor filed Debtor's Objection to Motion for Relief from Automatic Stay Filed by Creditor Milijana Vlastelica [Doc. 75].

29. On October 31, 2014, Vlastelica filed Reply in Support of Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362 (d) (1) [Doc. 87].

30. On November 13, 2014, the Court [Judge Pamela Pepper] denied Vlastelica's motion for relief from stay, stating among other things, "*The Court clarified that regardless of whether it granted or denied the motion for relief from stay, **the creditor's state-court case would remain in Illinois**; the stay meant only that it would be put on hold*

6

*during the pendency of the bankruptcy case...* [Doc. 111, Court order, page 8]...
*"Counsel noted that the debtor understood that the parties would have to liquidate the claim eventually but objected to the Court allowing the creditor to continuing pursing the litigation **at this juncture**"* [Doc. 111, Court order, page 9].

31. On the same day, November 13, 2004, the Court [Judge Pamela Pepper] allowed two other creditors, Marshall Spiegel and Dwayne O'Malley to lift the automatic stay and to adjudicate their claims in the non-bankruptcy courts (state and district) [Doc 111].

32. On March 11, 2015, the Court [Judge G. Michael Halfenger] entered Order Modifying the Automatic Stay as to Creditor James Ayres for the sole purpose of determining whether Mr. Ayres is entitled to a judgment and, if so, the amount of the judgment.

33. On March 18, 2015, Vlastelica filed Motion for Reconsideration of the Court's Order Denying Creditor Vlastelica's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. 362 (d) (1) [doc 306].

34. On April 1, 2015, the Debtor filed Debtor's Objection to Motion for Reconsideration of the Court's Order Denying Creditor Vlastelica's Motion for Relief from Automatic Stay [doc 313].

35. On May 6, 2015, the parties had a hearing on Vlastelica's motion for reconsideration of court's order denying her motion for relief from the automatic stay.

36. During the said hearing, Vlastelica argued, among other things, that **according to the statutory law**, some statutes, specifically 28 US Code 1334 (c) (1) **suggests** that a district court abstain from hearing state law cases "*in the interest of justice*", "*in the interest of comity with state court*" or "*respect for state law*"; while 1334 (c) (2)

**mandates** that the district court abstain from hearing state law cases if an action is commenced, and, can be timely adjudicated in a state forum of appropriate jurisdiction. Vlastelica also argued that all 3 factors articulated in *Fernstrom*, 7th Circuit, [(a) whether any great prejudice to either the bankruptcy estate or the Debtor will result from continuation of the civil suit; b) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the Debtor; (c) whether the Creditor has probability of prevailing on the merits] weigh strongly in favor of lifting the automatic stay. Vlastelica argued that *Fernstrom* stands for the proposition that where the stayed non-bankruptcy litigation **has reached an advanced stage** it was proper to lift the stay to allow the litigation to proceed in the original forum. Vlastelica also argued that the Judge Propes' November 13, 2014, order [doc 111], which stated that her motion for relief from the automatic stay was denied "*at this juncture*" suggests that this was some type of temporary order subject to later change.

37. During the said hearing, Vlastelica also clarified that as to Debtor Novoselsky, she **was only seeking to obtain the judgment in the state court**; she was not seeking to be allowed the collection of the judgment at this point to the detriment of other creditors. However, as to Co-Debtor Novoselsky Law Offices, P.C., Vlastelica was requesting that the Court issue some type of "comfort order" indicating that there is no stay in place in bankruptcy court as it relates to Novoselsky Law Offices, P.C., so that she could proceed in obtaining the judgment and collecting on the judgment against this Co-Debtor.

8

38. On the same date, May 6, 2015, Judge G. Michael Halfenger denied Vlastelica's motion for reconsideration of court's order denying her motion for relief from the automatic stay.

39. The Court stated, to the best of the Vlastelica's memory, that her motion for reconsideration was not timely filed; that the cited statute did not apply to her because the Debtor is a citizen of Wisconsin; that the *Fernstrom* did not apply to her case because that case involved the suit between the insurance companies where there was a stipulation that the Plaintiff would only seek to recover up to the limit provided in Fernstrom's insurance policies; and, regarding the Co-Debtor Novoselsky Law Offices, P.C., the Court stated, even if the P.C. was a Co-Debtor, the Court would not allow Vlastelica to go after P.C. because this was "*one man entity*".

40. The Court entered written order relating to the above May 6, 2015 hearing on May 14, 2015. The said order reads, "*A copy of the recording of the court hearing is available on the court's docket*" [doc 385].

41. In all of his filings with the bankruptcy court, Debtor Novoselsky is treating Novoselsky Law Offices, P.C. as a separate business entity.

42. In fact, Novoselsky Law Offices, P.C. has filed a claim #24 in the amount of 2.7 million against Debtor Novoselsky.

43. On October 28, 2014, Vlastelica filed Complaint of Milijana Vlastelica to Determine Dischargeability of Debt under 11 U.S.C. §523 (a) (2) (A), (a) (4) and (a) (6); and to Determine Whether the Debtor's Insurance Carrier and Co-Debtor Should Pay Certain Claims, adversary proceeding# 14-2579.

9

44. On November 26, 2014, Debtor filed Defendant's Answer to the Complaint of Vlastelica [adversary proceeding #14-02579, doc 4].

45. On January 7, 2015, Vlastelica filed Vlastelica's Reply to Novoselsky's Affirmative Defenses.

46. On May 4, 2015, Vlastelica filed Plaintiff Milijana Vlastelica's Supplement to Complaint of Milijana Vlastelica to Determine Dischargeability of Debt, to Include Relief Count Five – Under 11 U.S.C. §523 (a) (7).

47. Debtor submitted to Vlastelica document entitled, "Answer to Plaintiff Milijana Vlastelica's Supplement to Complaint of Milijana Vlastelica to Determine Dischargeability of Debt, to Include Relief Count Five – Under 11 U.S.C. §523 (a) (7). [The said document did not contain filed stamped date.]

48. Debtor Novoselsky as a licensed attorney has been investigated and prosecuted by the Illinois Attorney Registration and Disciplinary Commission, (the "ARDC").

49. On June 26, 2014, the ARDC's Hearing Board [trial level] filed its 112 pages Report and Recommendation, *In Re David Alan Novoselsky*, [the Debtor herein] commission No. 2011 PR00043, wherein they recommended that Novoselsky be suspended for six months from practice of law and until he completes the ARDC's Professional Seminar. This recommendation was based, in part, on the misconduct that Debtor Novoselsky engaged in the Vlastelica's case (see the IARDC website).

50. The ARDC's Hearing Board stated in its Report and Recommendation, page 44, "*Thus, we find, consistent with Ms. Vlastelica's testimony, the $15,000 had been given to Respondent for costs and expenses and since he failed to file the lawsuit on her behalf, the $15,000 was unearned. Respondent's failure to return this money*

constitutes a violation of Rule 1.16 (e). **Even if we were to credit Respondent's version of events and believe he had an agreement with Ms. Vlastelica to bill her hourly, we still do not believe he is entitled to any legal fees**". Then, the Board, at the end, reasoned that the restitution is not warranted and that the civil litigation is the "proper forum" in which to recover these unearned funds.

51. On April 10, 2015, the Review Board [appellate level] of the Illinois Attorney Registration and Disciplinary Commission issued its Report and Recommendation *In the Matter of David Alan Novoselsky,* [the Debtor herein], Commission No. 2011PR00043, see Doc 369, Exhibit "1" & adversary #14-02579.

52. The Review Board [appellate level] affirmed the findings of fact and findings of misconduct of the Hearing Board [trial level], but, it further recommended that the Debtor's sanction be increased from six months suspension to include more stringent sanction of "**until further order of the Court**" and "**until he makes restitution of $15,000 to Miriam and Peter Shabo and $15,000 to Milijana Vlastelica** [the unearned fees regarding the child representative lawsuit which the Debtor never filed on behalf of the Creditors]". See Doc 369, Exh. "1", page 20 & adversary #14-02579.

53. Vlastelica's other damages and causes of actions pending in Illinois state court were not before the ARDC.

54. On December 11, 2014, Vlastelica filed Proof of Claim #23 in the estimated amount of $156,100.00.

55. On January 1, 2015, the Debtor filed Objection to Milijana Vlastelica Proof of Claim No. 23 (Doc 212) stating among other things, in paragraph 7, "*Debtor disputes the validity of Vlastelica's claim, and believes that it is, and will remain $0.00*"; in

paragraph 9, "*Debtor denies that he has any liability to Vlastelica*", and in paragraph 10, "*No judgement or order has been issued by a Court awarding damages to Vlastelica*".

56. On February 12, 2015, Vlastelica filed Creditor Milijana Vlastelica's Response to the Debtor Novoselsky's Objection to Milijana Vlastelica's Proof of Claim #23 [doc 231].

57. On May 4, 2015, Vlastelica filed Creditor Milijana Vlastelica's Supplement to Vlastelica's Proof of Claim #23 and to Vlastelica's Response to the Debtor Novoselsky's Objection to Vlastelica's Proof of Claim #23 [doc 369].

58. On June 30, 2015, the Debtor filed Debtor's Motion for Adjournment of Scheduling Order stating, in part, in paragraph 3, "*Said claim objection is scheduled for a pre-trial on July 15, 2015*" [Adv. No. 14-02579, doc 17, page 2 of 3].

59. Vlastelica thought that no Bankruptcy Court could allow or disallow her state court tort claims without first obtaining the final judgment on the claims, and because there is no final judgment in place yet, the Bankruptcy Court could only estimate her claims for purposes of confirming the Chapter 11 plan.

60. Vlastelica, in her pro-se capacity, did not realize nor understand at first that the Bankruptcy Court's so-called "resolution of the claim objection" would actually constitute the final adjudication of all of her state court claims [legal malpractice, fraud, conversion and breach of contract] by a Bankruptcy Court.

**Applicable Law**

61. **Section 157 (a), (d) and (e) of Title 28 of the U.S.** Code read as follows:

    (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
    …

    (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

    (e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

62. **In interpreting § 157 (d),** courts have required that the nonbankruptcy federal law be

    a "substantial and material consideration" in the resolution of the proceeding.

    *Baldwin*, 57 B.R. at 757; *Michigan Milk Producers Ass'n v. Hunter*, 46 B.R.214, 12

    Collier Bankr. Cas. 2d (MB) 166, Bankr. L. Rep (cch) P 70310, 1985-1 Trade Cas.

    (CCH) (N.D. Ohio 1985).

63. **Federal Rule of Bankruptcy Procedure 5011, Withdrawal and Abstention** from

    Hearing a Proceeding, in relevant part, states as follows:

    (a) Withdrawal. A motion for withdrawal of a case or proceeding shall be heard by a district judge.

64. **The abstention statute, 28 U.S. Code § 1334**, in its relevant part, states as follows:

    (c)
    (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State

13

courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

65. In ***Stern v. Marshall***, 564 U.S. 2 (2011), the United States Supreme Court held that a

bankruptcy court, as a non-Article III court lacked constitutional authority to enter a

final judgment on a state law counterclaim for tortious interference [core proceeding]

that is not resolved in the process of ruling on a creditor's proof of claim, and that

would otherwise exist without regard to any bankruptcy proceeding.

66. In ***Executive Benefits Insurance Agency v. Arkison***, 573, U.S., the Court held that

that *Stern* claims may proceed as non-core within the meaning of §157 (c). The

statutory scheme prescribed by 28 U.S.C. § 157 that governs the jurisdiction of

bankruptcy courts was summarized by the Court as follows:

"[M]atters that may be referred to the bankruptcy court [are divided by the statute] into two categories: 'core' and 'non-core' proceedings. It is the bankruptcy court's responsibility to determine whether each claim before it is core or noncore. For core proceedings, the statute contains a nonexhaustive list of examples . . . . The statute authorizes bankruptcy judges to 'hear and determine' such claims and 'enter appropriate orders and judgments' on them. A final judgment entered in a core proceeding is appealable to the district court, which reviews the judgment under traditional appellate standards . . . .

As for 'non-core' proceedings--i.e., proceedings that are 'not . . . core' but are 'otherwise related to a case under title 11'--the statute authorizes a bankruptcy court to 'hear [the] proceeding,' and then 'submit proposed findings of fact and conclusions of law to the district court.' The district court must then review those proposed findings and conclusions de novo and enter any final orders or judgments. There is one statutory exception to this rule: If all parties 'consent,' the statute permits the bankruptcy judge 'to hear and determine and to enter appropriate orders and judgments' as if the proceeding were core.

14

Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment."

67. In ***Wellness International Network, Ltd, v. Sharif***, 575 U.S. (2015), the Court held that Article III permits bankruptcy judges to adjudicate *Stern* claims with the parties' knowing and voluntary consent, "***the decision to invoke [a non-article III] forum is left entirely to the parties***...*bankruptcy court possess no free-floating authority to decide claims traditionally heard by Article III courts*", "*it [28 U.S.C. §157] states only that a bankruptcy court must obtain 'the consent'-consent simpliciter- 'of all parties to the proceeding' before hearing and determining a non-core claim. §157 (c)(2)*". It bears emphasizing, however, that litigant's consent-whether express or implied-***must be knowing and voluntary***".

68. ***In the Matter of Fernstrom Storage and Van Company***, 938 F.2d 731, the Court held, "*Not allowing IBM to proceed with its civil action, by contrast, would work considerable hardship on the computer firm, **which had spent six years prosecuting** its district court action against Fernstrom only to have its suit dismissed shortly before trial....**Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigant to proceed**... The Attention paid to the stage to which the non-bankruptcy litigation has progressed is based on the sound principle that **the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court***". In this context, the Court discussed a three

factor test for determining whether "cause" to modify automatic stay pursuant to §362 (d) exists asking whether (a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) The hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and, c) The creditor has a probability of prevailing on the merits.

## Argument

69. Because Vlastelica's state court lawsuit against Debtor Novoselsky has been pending in the state court since 2010, because Vlastelica demanded a jury trial by twelve in the state court, because Vlastelica's claims require substantial and material consideration of Illinois law [legal malpractice, fraud, conversion and breach of contract], Vlastelica has moved for withdrawal of the reference of her state court lawsuit from the Bankruptcy Court.

70. Pursuant to the above cited case law, *Stern, Executive Benefits, Wellness*, Vlastelica has constitutional right that her state-court claims which existed prior to the Debtor's bankruptcy proceeding be adjudicated by an Article III Judge.

71. Vlastelica never consented ***knowingly and voluntarily*** that her claims be adjudicated by a non-article III judge as decided in *Wellness*.

72. Vlastelica only filed proof of claim#23 which she actually estimated because her claims have not yet been adjudicated. Vlastelica's adversary complaint #14-2579 is also about determining the dischargeability of debt. It is not about adjudicating the state-court claims on the merits.

16

73. In fact, Vlastelica filed two motions seeking to lift the automatic stay so that her claims could be fully adjudicated in the original forum pursuant to ***Fernstrom.*** The Bankruptcy Court was incorrect when it reasoned that the *Fernstrom* did not apply to Vlastelica's case because it involved the insurance carriers and commitment that the Plaintiff would not collect more than the limits of insurance policies. The proper reading of *Fernstrom* and other cases it referenced indicates that the courts have considered the existence of insurance carrier for purpose of allowing the plaintiffs to collect on a judgment, but not for the mere purpose of obtaining the judgment. Vlastelica sought and is still only seeking to obtain the judgment against the Debtor in the state court or by an Article III court. Vlastelica understands that the collection on the judgment, allowance or disallowance of the claim, would have to be in accordance with the Bankruptcy rules and procedures.

74. Vlastelica is cognizant of the fact, that the Bankruptcy Court may hear certain non-core proceedings, and then submit proposed findings of fact and conclusions of law to the district court to be reviewed *de novo* for an entry of a final judgment.

75. However, that procedure, in this instance, would be extremely inefficient and duplicative considering that Vlastelica's complaint has four separate counts to be adjudicated [legal malpractice, fraud, conversion and breach of contract].

76. Furthermore, Vlastelica has not given up her right to a jury trial by twelve which she demanded in the state court and for which she had already paid.

77. If this case goes back before the Bankruptcy Court, the Debtor would, undoubtly, raise all the same arguments he raised numerous times in the state court in hopes that, this time, he could convince the Bankruptcy Court that the attorneys are exempt from

17

the imposition of punitive damages, and that whatever misconduct an attorney commits, it all should be labeled legal malpractice.

78. If this case is heard by a District Court, the Debtor would, undoubtly, raise all the same arguments he raised numerous times in the state court in hopes that, this time, he could convince the District Court that the attorneys are exempt from the imposition of punitive damages and that whatever misconduct an attorney commits, it all should be labeled legal malpractice.

79. The Debtor desperately wants Vlastelica's case in the federal court because he ran out of filing the none-sense motions and dispositive motions in the state court; he can no longer convince any state court judge that the attorneys cannot be charged with fraud; that the punitive damages are not available against the attorneys; and, that whatever misconduct an attorney engages into in Illinois, it is all *only* actionable as legal malpractice.

80. Vlastelica has already won all of those legal arguments in the state court, and she is on the brink of the trial in the state court. If Debtor Novoselsky produces the requested documents which should take him only a few hours to do, the parties could set the trial dates. There is not much more left at the state court.

81. The ***Fernstrom*** is so very much applicable and instructive in this case, "*The Attention paid to the stage to which the non-bankruptcy litigation has progressed is based on the sound principle that **the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant <u>to duplicate all of its efforts</u> in the bankruptcy court**".  Emphasis added.

82. Therefore, considering the unique history of this litigation, the complexity of the Illinois law involving four separate claims and the jury demand, the "cause exists" to withdraw the reference from the Bankruptcy Court.

83. Additionally, Vlastelica prays that the District Court abstain from hearing the state court claims pursuant to 28 U.S.C. 1334 (c) and that it lift the automatic stay for the purpose of adjudicating the claims in the state court where it had been pending since 2010 if such a decision is still within the Court's authority.

WHEREFORE, for the reasons stated herein, Vlastelica prays that the Court grant this Motion to Withdraw the Reference pursuant to Section 157 (d) and (e) and direct that the Bankruptcy Court transfer all pleadings related to this matter to the Clerk of the District Court [Adversary complaint #14-2579 all documents contained therein; Case No. 14-29136-gmh – Doc 31, 66, 75, 87,111, 212, 231, 369, 306, 313, 385, 369; claim# 23].

Additionally, Vlastelica prays, if it is not too late, that the District Court abstain from adjudicating the state court-claims pursuant to Section 1334 and that it lift the automatic stay for the purpose of adjudicating the claims in the state court where it had been pending for four years prior to the Debtor's filing of bankruptcy petition.

Respectfully submitted,

_Milijana Vlastelica_
Milijana Vlastelica, Pro-se Creditor

Milijana Vlastelica
Pro-Se Creditor
2951 Beth Lane
Naperville IL 60564
(630) 904-8150

19

07-09-15

DEAR CLERK OF THE COURT,

ENCLOSED IS THE CHECK # 1038 IN THE AMOUNT OF
$176.00 FOR FILING MOTION TO WITHDRAW REFERENCE.
PLEASE RETURN ONE FILE-STAMPED COPY BACK TO MY
ATTENTION IN THE SELF ADDRESSED SELF PAID ENVELOPE

Thank you,

Miljana Vlastelica
630 904 8150


RECEIVED - MAIL
2015 JUL 13 P 12: 36
US BANKRUPTCY COURT
EASTERN DISTRICT OF WI