THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: April 4, 2016



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

| | |
|---|---|
| David Novoselsky, | Case No. 14-29136-GMH |
| Debtor. | Chapter 7 |

Milijana Vlastelica,

       Plaintiff,

v.                                                                    Adversary Case No. 14-2579-GMH

David Novoselsky,

       Defendant.

**ORDER GRANTING MOTION FOR ABSTENTION AND FOR RELIEF FROM THE AUTOMATIC STAY UPON CONDITION OF THE PAYMENT OF THE FILING FEE**

      The defendant is the debtor in a chapter 7 bankruptcy case. He initially filed his bankruptcy case as a chapter 11 case but converted the case to chapter 7.

      Before the bankruptcy filing plaintiff sued the debtor in Illinois State Court, Cook County Case No. 10-L-10423, alleging legal malpractice, fraud, conversion, and

breach of contract. The parties litigated that case in Cook County for years. When the debtor filed his bankruptcy case, 11 U.S.C. §362(a) stayed the state-court lawsuit. On October 28, 2014, plaintiff filed this adversary case against the debtor-defendant. She pleads that the debtor-defendant's debt to her, which allegedly arises out of the claims she asserted in the Illinois action, is not dischargeable under 11 U.S.C. §523(a)(2)(A), (a)(4), (a)(6), and (a)(7). Plaintiff also filed a proof of claim contending that the debtor is liable to her for the reasons alleged in her state court lawsuit. Case No. 14-29136, Claim 23-1. The debtor objected to the plaintiff's proof of claim. Case No. 14-29136, Doc. No. 212. The court consolidated the adjudication of the adversary proceeding and the debtor's objection to plaintiff's claim. Doc. No. 23.

Plaintiff has filed three separate requests for relief from the automatic stay to allow her to return to state court to litigate to conclusion her state-law claims. Plaintiff filed her first motion on October 16, 2014, a mere three months into the case, when the debtor was a chapter 11 debtor-in-possession. Case No. 14-29136, Doc. No. 66. The court denied that motion. Case No. 14-29136, Doc. Nos. 111, 120. On March 18, 2015, plaintiff filed a motion for reconsideration. Case No. 14-29136, Doc. No. 306. The court denied that motion too, in part because the debtor remained a chapter 11 debtor-in-possession who had proposed a plan of reorganization. Additionally, the plaintiff failed to establish cause to reconsider. Case No. 14-29136, Doc. No. 385. This motion is plaintiff's third request for relief from the automatic stay.

The debtor converted his case to one under chapter 7 on July 27, 2015. The chapter 7 trustee has reported that the estate is likely administratively insolvent and that, even if it is not administratively insolvent, any remaining assets will be used to satisfy the Internal Revenue Service's priority claim. Case No. 14-29136, Doc. No. 829 at 3; see also Case No. 14-29136, Doc. No. 752 at 6. Four separate adversary actions seek denial of the debtor's discharge.

On December 14, 2015, the court scheduled a trial of the plaintiff's claims and the debtor's claim objection to commence on April 28, 2016. Case No. 14-29136, Doc. No. 769 at 9. On January 5, 2016, plaintiff filed a motion for abstention and for relief from the automatic stay. Doc. No. 40. She argues that the relevant circumstances have changed substantially since the court's previous denials of her requests for relief from the stay and that the circumstances now justify relief from the stay. She specifically notes that the case is administratively insolvent, and there is a significant chance that the court will deny the debtor's discharge, which will moot her request for a declaration of nondischargeability. Plaintiff argues that these developments materially alter the calculus in favor of the court abstaining from adjudicating her state-law claims and granting her relief from the automatic stay to pursue those claims in state court.

The debtor objects contending that this court can resolve the claims more efficiently and that abstention is not appropriate.

On February 4, 2016, the court entertained argument on the plaintiff's requests for abstention and stay relief and took those requests under advisement. The court denied the plaintiff's motion to waive the filing fee for the motion for stay relief. The plaintiff has not paid the fee.

Claims under Illinois law predominate the parties' dispute, both in the adversary case and in the claim objection. The unresolved Illinois state-law claims even form the necessary predicate debt for plaintiff's nondischargeability claim and for her proof of claim. Thus, resolving the nondischargeability claim and the debtor's objection to plaintiff's claim now will require this court to adjudicate the plaintiff's state-law causes of action. And, as the plaintiff points out, if the creditors are successful in objecting to the debtor's discharge, her nondischargeability claim will be moot. Similarly, if, as the trustee suggests, the estate is administratively insolvent, there will be no need for the court to resolve the debtor's objection to plaintiff's unsecured claim, because the plaintiff, as a general unsecured creditor, will not be eligible for a distribution from the estate.

The court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" if abstention is "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1334(c)(1); see also *Jepson v. Bank of New York Mellon (In re Jepson)*, -- F.3d. ---, 2016 WL 1105311 *4 (7th Cir. Mar. 22, 2016). *Jepson* recently emphasized the bankruptcy courts' ability to abstain from resolving state-law claims in favor of allowing their resolution in pending state-court actions.

Abstention is now the appropriate course. The plaintiff's claims are all state-law claims; their adjudication antecedes a decision on whether the debtor owes the plaintiff a non-dischargeable debt and whether debtor has a basis for objecting to the plaintiff's claim. Because the debtor is no longer required to devote time to preparing and performing a chapter 11 plan, reducing the amount of litigation that occurs in other forums is less important to the efficient completion of the bankruptcy case. The same change of circumstance increases the interests of comity and of allowing the plaintiff to proceed in her chosen forum where she will be able to exercise any jury trial right she may enjoy under Illinois law. In addition, if the estate is administratively insolvent, or, as is almost a certainty, there will be no distribution to general unsecured creditors, then the resolution of the debtor's objection to plaintiff's claim is irrelevant to administration of the bankruptcy case. Based on these considerations, the court abstains

from determining the state-law causes of action in this case, both in connection with the adversary case and the debtor's objection to claim in the main case.

The same considerations establish cause to grant relief from the automatic stay to allow the plaintiff to pursue her causes of action in state court. There is no good reason to require the plaintiff to await the completion of the bankruptcy case to litigate her claims in state court. Pursuant to the court's previous order, however, the court will not order relief from the stay until plaintiff pays the $176 filing fee for her motion for relief.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. The plaintiff's motion for abstention is GRANTED. The final pretrial hearing scheduled for April 20, 2016, at 10:00 a.m., and the adversary trial scheduled for April 28 and 29, 2016, are canceled.
2. The court will hold this adversary proceeding and the debtor's objection to plaintiff's claim in abeyance until such time as the Illinois state court issues a final judgment in Cook County Circuit Court Case Number 10-L-10423. When that court issues a final judgment, the parties must file the judgment in this court and request further proceedings as appropriate.
3. The plaintiff's motion for relief from the automatic stay is granted contingent on the plaintiff paying the $176 filing fee. Once the fee is paid in full, the court will issue a separate order granting plaintiff relief from the automatic stay to pursue Cook County Circuit Court Case Number 10-L-10423. The stay remains in place until plaintiff (a) pays the $176 fee and (b) the court issues a separate order granting her relief from the automatic stay.

#####